# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:92CR70002 |
| v. ) | |
| ) | **OPINION** |
| **BUTTON JACK RHODES,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On April 26, 1993, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 3, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of, inter alia, possessing with intent to distribute crack cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1)(B) and 841(b)(1)(C). The defendant was held responsible for 2.57 grams of crack cocaine. Under the amended guidelines, the base offense level for 2.57 grams of crack cocaine is 18. The defendant's criminal history, as detailed in the Presentence Investigation Report submitted to this court on September 24, 1992, indicates that the defendant is a career offender, as defined in USSG § 4B1.1. Accordingly, his offense level is determined by reference to the table contained in that section. The defendant's Total Offense Level is 32 and, because he is a career offender, his Criminal History Category is VI. Thus, the amended guidelines recommend a range of 210 to 262 months, the same as at the defendant's original sentencing. Because the defendant has already been sentenced to a term of imprisonment within this range, the court will not reduce his sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 3) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

>ENTER: March 13, 2008
>
> /S/ JAMES P. JONES
>Chief United States District Judge

-3-

Case 3:92-cr-70002-JPJ   Document 4   Filed 03/13/08   Page 3 of 3   Pageid#: 9